## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Dow Jones & Company, Inc.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:22-CV-01070** |
| | : | |
| **Nic.kl, Inc.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

It appearing that discovery in the above-captioned action will involve the disclosure of confidential information, the parties hereby agree as follows:

1.      The term "Discovery Material" means all documents and other information produced or disclosed in the course of discovery in the Litigation, regardless of the medium or manner generated, stored, maintained, or revealed, and information derived directly therefrom, including, but not limited to, electronically stored information, transcripts of deposition or hearing testimony, responses to interrogatories, responses to requests for admission, or other written responses to discovery. All Discovery Material produced in this action shall be used by the receiving party solely for purposes of the prosecution or defense of this action, and shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose. Discovery Material may not be shared with non-parties for any business, commercial, competitive, personal, or other purpose.

2.      Any party to this litigation and any non-party, specifically including non-parties subject to subpoena, shall have the right to designate as "Confidential" and subject to this Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement") any

information, document, or portion of any document that contains: (a) product pricing, sales, inventory, or purchase order information; (b) information received in confidence from third parties; (c) nonpublic financial or business information; or (d) which the designating party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any non-party covered by this Confidentiality Agreement that produces or discloses any Confidential material, including without limitation any information, document, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL."

3.      Any party to this litigation and any non-party, specifically including non-parties subject to subpoena, shall have the right to designate as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to this Confidentiality Agreement any information, document, or portion of any document that contains: (a) highly sensitive business, technical, or personal information, including but not limited to trade secrets, competitively sensitive technical, research and development, marketing, strategic, financial, or other confidential business information; or (b) product pricing, sales, inventory, and purchase order information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party (or non-party). Any party to this litigation or any non-party who is covered by this Confidentiality Agreement that produces or discloses any CONFIDENTIAL - ATTORNEYS' EYES ONLY material, including without limitation any information, document, interrogatory answer, admission pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4.      In addition to the restrictions set forth in Paragraph 1, CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall not be disclosed by the

receiving party to anyone other than those set forth in Paragraphs 5 and 6 unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY material, provided that such advice and opinions shall not reveal the content of such CONFIDENTIAL - ATTORNEYS' EYES ONLY material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.      CONFIDENTIAL material and the contents of CONFIDENTIAL material may be disclosed only to the following individuals under the following conditions:

a.   Inside counsel and outside counsel of record for a party in this Action;

b.   Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.   Secretarial, paralegal, clerical, duplicating and data-processing personnel of the foregoing;

d.   The Court and court personnel;

e.   Witnesses at deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the party intending to disclose the information has a good faith basis for believing such witness (a) sent or received the protected material; (b) is a current employee of the party that produced the protected material, or an affiliated company; or (c) has personal knowledge regarding the creation or use of the specific discovery material containing the protected

material. Witnesses shall not retain any copy of documents containing CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material, except that a witness may receive copies of all exhibits marked at that witness's deposition in connection with, and solely for the purpose of, the witness's review of the transcript;

f.   Other persons only by written consent of the Designating Party or upon order of the Court, and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld;

g.   Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

h.   Those executives of the parties who are required to participate in decisions with reference to the prosecution, defense, and settlement of this Action.

6.   Material produced and marked as CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed only to the individuals described in Paragraph 5(a) – (g), and to such other persons as counsel for the designating party agrees in advance in writing or as Ordered by the Court.

7.   CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY materials shall be used only by individuals permitted access to it under Paragraphs 5 and 6. CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY, copies thereof, and

the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

8.      Nothing in this Agreement shall restrict any party's use, for any purpose, of its own CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY material.

9.      With respect to any depositions that involve a disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material of a party to this action, the party that produced such CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall have until fourteen (14) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d), (f), and (g) above and the deponent during these fourteen (14) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d), (f), and (g) above during said fourteen (14) days. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6.

10.     If counsel for a party receiving documents or information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY hereunder objects to such designation, in whole or in part, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within seven (7) days, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court by motion. At such time, the party claiming CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY status shall have the burden of establishing the need for such status. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

c. So as not to encourage unnecessary challenges to designations under this Agreement, the Parties agree and stipulate that no Party's failure to object to a designation hereunder will constitute an admission or acknowledgement that the material so designated actually constitutes confidential business information or a trade secret as a matter of fact or law.

6

11.     All requests to seal documents filed with the Court shall comply with Local Civil

Rule 5.1.5 and the Policies and Procedures of the Court. If a party intends to file documents or

information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES

ONLY, that party shall give at least three (3) days' notice to counsel for the designating party to

allow the designating party to take steps necessary to protect the confidentiality of the documents

or information. The designating party may move the Court for an Order that the evidence at issue

be filed under seal, received in camera, or received under conditions (such as redacting certain

information) to prevent unnecessary public disclosure. Before any such motion is filed with the

Court, counsel shall confer in good faith in an effort to prevent unnecessary disputes about

confidentiality, such as by agreeing to redact such information prior to filing the documents with

the Court.

12.     Subject to the Federal Rules of Evidence, documents or information designated as

CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY may be offered in

evidence at trial or any Court hearing in open Court, provided that the proponent of the evidence

gives notice to counsel for the designating party sufficiently in advance of the disclosure, to

allow the designating party to take steps necessary to protect the confidentiality of the documents

or information. Such notice shall be sufficient if it is provided to the designating party at least

one (1) business day in advance of the proposed disclosure and/or as directed by the Court. The

designating party may move the Court for an Order that the evidence at issue be received in

camera, filed under seal (if an appropriate showing is made, pursuant to Paragraph 11, above), or

under conditions to prevent unnecessary public disclosure. Before any such motion is filed with

the Court, counsel shall confer in good faith in an effort to prevent unnecessary disputes about

confidentiality, such as by agreeing to redact such information prior to offering such evidence in

open Court. Nothing in this Confidentiality Agreement shall operate as an admission by any Party that any Confidential or Attorneys' Eyes Only documents or information is, or is not, admissible in evidence in these proceedings.

13.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material that should have been designated as such, regardless of whether the information or document was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information or document disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY within a reasonable time after disclosure. Such notice shall constitute a designation of the information or document as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Confidentiality Agreement.

14.     When the inadvertent or mistaken disclosure of any information or document protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party must promptly return or destroy such material, as directed by the producing party. Such inadvertent or mistaken disclosure of such information or document shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material under this Confidentiality Agreement.

16.     This Confidentiality Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Agreement is being entered into without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.     This Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written motion of the parties filed with the Court.

18.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof, except for outside counsel of record and their staff, shall be under an obligation to destroy all copies of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material received from any other party or nonparty. To the extent a party requests the return of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

19.     A party that issues a non-party subpoena shall include a copy of this Confidentiality Agreement with the subpoena and state that the parties to the litigation have requested that non-parties produce Documents in accordance with this agreement. The provisions of this Confidentiality Agreement shall apply to such discovery from a non-party as if such discovery were being provided by a party to the litigation. The non-party shall have the same rights and obligations under this Confidentiality Agreement as held by the parties.

20.     No act carried out under this Confidentiality Agreement, including designating material as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, shall be construed as an admission or conclusion: (a) that any information, document or the like designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material is in fact confidential; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

21.     This Confidentiality Agreement may be modified only by written motion to the Court. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Confidentiality Agreement.

22.     The parties, through their respective counsel, expressly agree to the terms of this Confidentiality Agreement and consent to its form and approval.

(signature page follows)

Dated: July 26, 2022

TUCKER ARENSBERG, P.C.                   BALLARD SPAHR LLP


/s/Ryan James (with permission)          /s/Benjamin N. Simler
Ryan James                               Lynn E. Rzonca
Pa. I.D. #82799                          Pa. I.D. # 86747
Mark A. Eck                              rzoncal@ballardspahr.com
Pa. I.D. #34613                          Benjamin N. Simler
                                         Pa. I.D.# 330134
                                         simlerb@ballardspahr.com
1500 One PPG Place
Pittsburgh, PA 15222                     1735 Market Street, 51st Floor
Tel: (412) 594-3930/Fax: (412) 594-5619  Philadelphia, PA 19103-7599
rjames@tuckerlaw.com                     Tel: (215) 665-8500/Fax: (215) 864-8999
meck@tuckerlaw.com

*Attorneys for Defendant Nic.kl, Inc.*    *Attorneys for Plaintiff Dow Jones & Company, Inc.*


**IT IS SO ORDERED.**

                                         **BY THE COURT:**



                                         _____
Dated: July ___, 2022                    Judge, United States District Court

11

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Dow Jones & Company, Inc.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:22-CV-01070** |
| | : | |
| **Nic.kl, Inc.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

I, _____, being duly sworn, state that:

      1.    My address is_____.

      2.    My present employer is _____ and the address of my present employment is_____.

      3.    My present occupation or job description is _____.

      4.    I have carefully read and understood the provisions of the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement") in this case approved by the Court, and I will comply with all provisions of the Confidentiality Agreement.

      5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Agreement any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

      6.    I will limit use of Confidential and Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

      7.    No later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    Signed: _____